1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD VERDIER,

                    Plaintiff,

        v.

PHIL SAMPLE, CLARK COUNTY,
GREG BOST, LAURIE BOST, TIM
MARTIN, and PHILIP WALKER,

                    Defendants.

CASE NO. 22-5594

ORDER

17        This matter comes before the Court *sua sponte* on review of the *pro se* Plaintiff's

18  Complaint.  The Court has reviewed the file and is fully advised.

19        **Review of the Proposed Complaint.**  The Court has carefully considered the newly filed

20  Complaint in this matter.  Because Plaintiff filed this complaint *pro se*, the Court has construed

21  the pleadings liberally and has afforded Plaintiff the benefit of any doubt.  *See Karim-Panahi v.*

22  *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

23        On August 17, 2022, the Plaintiff filed this case.  Dkt. 1.  He asserts that at the time of the

24  events giving rise to this lawsuit, he was in a dispute with his neighbors, Defendants Greg and

ORDER - 1

Laurie Bost over their common boundary and water rights.  Dkt. 1.  The Complaint asserts that on August 17, 2012, the Plaintiff shut water off to the Bosts' home.  *Id.* at 3.  The Bosts called 9-1-1 and Defendant Deputy Phillip Walker responded.  *Id.*  When he arrived, Deputy Walker talked with the Bosts and then went over to the Plaintiff's home.  *Id.*  The Plaintiff alleges that he told Deputy Walker that he had a rifle.  *Id.*  The Plaintiff claims that Deputy Walker handcuffed him on his deck, with his hands high, and that this was "torture." *Id.*  He contends that Deputy Walker placed the weapon in the trunk of the patrol car.  *Id.*  The Plaintiff maintains that he was "under arrest for several hours" and was not read his *Miranda* rights.  *Id.*

The Plaintiff alleges that Deputy Walker "forced" the Plaintiff to restore water service to the Bosts by threatening "him with criminal charges of reckless endangerment and tortured [the Plaintiff] over two days." *Id.*  The Plaintiff alleges that after he restored the water, Deputy Walker re-applied the handcuffs, read him his *Miranda* rights, and "held" him for hours "without booking him for any alleged crime and without taking him to any police facility." *Id.* at 4.  He asserts that Deputy Walker eventually returned him to his residence and returned the firearm.  *Id.*  The Plaintiff maintains that Defendant "Deputy [Phil] Sample and Philip Walker, the Bosts and Tim Martin and other actors threatened [the Plaintiff] with kidnapping and his murder if the water services were not provided and/or they benefitted from delivery of the water services and torture." *Id.,* at 5.

The Plaintiff alleges that Defendants violated his civil rights under the second, fourth, and fifth amendments to the federal constitution, the Trafficking Victims Protection Act, and Article 1, Sections 3, 7, 16 and 24 of the Washington State Constitution.  Dkt. 1.

**Related Case**.  On September 30, 2015, the Plaintiff, through counsel, filed a related case against Defendant Clark County and Deputy Walker.  *Verdier v. Walker,* U.S. Dist. Court for the

Western Dist. of Washington case number 3:15-cv-5700 RBL, Dkt. 1 ("2015 Case").  Many of the allegations in this case's Complaint are the same or similar to the complaint in the 2015 Case.

For example, the complaint in the 2015 Case alleged that on August 17, 2012, the Plaintiff shut of the Bosts' water, the Bosts called 9-1-1, and Deputy Walker responded.  2015 Case, Dkt. 1, at 2.  It alleged that after speaking with the Bosts, Deputy Walker talked with the Plaintiff, who informed him that he had a rifle on the premises.  *Id.*  The 2015 complaint asserted that Deputy Walker "handcuffed [the Plaintiff] to a chair on his deck, with his hands behind his back" and put the weapon in the patrol car.  *Id.*, at 3.  It maintained that "in order to force [the Plaintiff to restore water service to the Bosts], the deputy threatened him with criminal charges of reckless endangerment."  *Id.*  The 2015 complaint alleged that after the Plaintiff had been handcuffed for several hours, he was experiencing "extreme pain and discomfort."  *Id.*  It alleged he eventually relented and restored the water.  *Id.*  The complaint in the 2015 Case asserted that Deputy Walker then re-applied the handcuffs and read him his *Miranda* rights.  *Id.*  It contended that Deputy Walker transported the Plaintiff to Washougal, Washington, "held him for a period of hours without booking him for any alleged crime and without taking him to any police facility."  *Id.*  It alleged that Deputy Walker eventually took the Plaintiff home and returned his firearm.  *Id.*  As he did in the instant case, in the 2015 Case, the Plaintiff brought claims under 42 U.S.C. § 1983 for violations of his second, fourth, fifth amendments to the U.S. Constitution, and for violations of Article 1, Sections 3, 7, 16 and 24 of the Washington State Constitution.  *Id.*

On May 18, 2017, Deputy Walker and Clark County's motion for summary judgment was granted, and the Plaintiff's federal claims for violations of his second, fourth, and fifth amendment claims and state claims for violations of the Washington Constitution were dismissed with prejudice.  2015 Case,  Dkt. 49.  The court found that the Plaintiff failed to point to

1    sufficient evidence to support his federal constitutional claims, that Deputy Walker was entitled

2    to qualified immunity, and that the Washington State Supreme Court has not recognized civil

3    claims for violations of the Washington State Constitution.  *Id.*

4            On December 20, 2018, the Ninth Circuit Court of Appeals affirmed the decision to grant

5    the motion for summary judgment.  2015 Case, Dkt. 56.  The mandate was issued on January 11,

6    2019.  2015 Case, Dkt. 57.

7    ## DISCUSSION

8         ***Sua Sponte* Dismissal.**  A federal court may dismiss a case *sua sponte* pursuant to Fed.

9    R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may

10   be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court

11   may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made

12   without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United*

13   *States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have

14   the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory

15   provision). A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v.*

16   *Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

17        **Stating a Claim for Relief – Fed. R. Civ. P. 8**.  Pursuant to Fed. R. Civ. P. 8 (a):

18        **Claim for Relief**. A pleading that states a claim for relief must contain:

19
20        (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

21        (2) a short and plain statement of the claim showing that the pleader is
22   entitled to relief; and

23        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

24

ORDER - 4

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements.  *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

**State Constitutional Claims Against All Parties**.  Plaintiff's claims for violation of his Washington state constitutional rights should be dismissed.  There is no private right of action under the Washington constitution.  *Blinka v. Wash. State Bar Ass'n,* 109 Wash. App. 575, 590-591 (2001) (*noting* "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations without the aid of augmentative legislation"); *Reid v. Pierce County,* 136 Wash.2d 195, 213-214 (1998).  Furthermore, 42 U.S.C. § 1983 does not entitle a plaintiff to recover for violations of state constitutional rights.  *Barry v. Fowler,* 902 F.2d 770, 772 (9th Cir. 1990).  The Plaintiff's state constitutional claims should be dismissed with prejudice as a matter of law.

**Claim Preclusion of Federal Claims Against Deputy Walker and Clark County**.  "Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Fin'l Corp.*, 270 F.3d 895, 898–99 (9th Cir. 2001). "Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Id.* at 899.

The Plaintiff's claims federal claims against Defendant Deputy Walker and Clark County are barred by claim preclusion. The parties are identical. The judgment in the 2015 case was rendered in this court and affirmed by the Ninth Circuit Court of Appeals. The federal constitutional claims were considered on their merits at summary judgment and dismissed. The federal constitutional claims are the same in both cases. Further, the Plaintiff could have brought a TVPA claim against Deputy Walker and Clark County in the 2015 Case.

"As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005)(*internal quotation marks and citation omitted*)(remanding case after finding that those requirements were not met). Here, the same subject matter and parties - Deputy Walker and Clark County - have been dismissed by this court. The Plaintiff's federal claims asserted against Deputy Walker and Clark County should be dismissed with prejudice.

**Failure to State a Claim Regarding the Federal TVPA Claim Against Against Defendants Phil Sample, Greg Bost, Laurie Bost and Tim Martin**. The TVPA provides a civil remedy for victims "against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew . . . has engaged in an act in violation of [the TVPA]) . . ." 18 U.S.C. § 1595(a). The statute requires that the claim be filed no later than 10 years after the cause of action arose. 18 U.S.C. § 1595(c)(1).

The Plaintiff's claim under the TVPA against Defendants Phil Sample, Greg Bost, Laurie Bost and Tim Martin may be dismissed for failure to state a claim. The Complaint fails to plead any facts involving these Defendants which would support a claim under the TVPA. Moreover,

the Plaintiff's Complaint does not identify which provision of the statute he alleges was violated. His TVPA claim asserted against Defendants Phil Sample, Greg Bost, Laurie Bost and Tim Martin may be dismissed without prejudice.

**Federal Constitutional Claims Against Defendants Phil Sample, Greg Bost, Laurie Bost and Tim Martin**. In order to state a claim for violation of a federal constitutional right under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he or she claims that each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff's Complaint does not allege any factual support to find that Defendants Phil Sample, Greg Bost, Laurie Bost, or Tim Martin acted "under color of state law" or that these Defendants' conduct deprived Plaintiff "of a right, privilege, or immunity secured by the Constitution or laws of the United States." *See* Dkt. 1. The Complaint makes no factual allegations related to Phil Sample or Tim Martin. It merely alleges that the Bosts called 9-1-1 and talked with the police when they arrived. No further allegations are made in the Complaint. Plaintiff has failed to state a claim for which relief can be granted under § 1983 for a violation of his federal constitutional rights against Defendants Phil Sample, Greg Bost, Laurie Bost, or Tim Martin. These claims may be dismissed without prejudice.

1
2
3

      **Leave to Amend**.  Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

4
5
6
7

      It is clear that no amendment can cure the defects in Plaintiff's state constitutional claims asserted against all Defendants or in his federal claims asserted against Defendants Deputy Walker and Clark County.  Those claims should be dismissed with prejudice and without leave to amend.

8
9
10
11
12
13
14

      The Plaintiff should be granted leave to file an amended complaint regarding the claims that may be dismissed without prejudice:  the TVPA claim and his federal constitutional claims against Defendants Phil Sample, Greg Bost, Laurie Bost, and Tim Martin.  Plaintiff may respond and may file a proposed amended complaint by **September 16, 2022,** complying with Fed. R. Civ. P. 8 and curing the inadequacies raised by the Court herein. The failure to file an appropriate proposed amended complaint may result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

15

<u>**ORDER**</u>

16

It is **ORDERED** that:

17
18

- The Plaintiff's claims for violation of the Washington State Constitution **ARE DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**;

19
20
21

- The Plaintiff's claims for violation of the U.S. Constitution and the TVPA asserted against Deputy Walker and Clark County **ARE DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**; and

22
23
24

- Plaintiff's response and proposed amended complaint, if any, **IS DUE** by **September 16, 2022**. The failure to file a proposed amended complaint may result in dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of August, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER - 9